**08 CV 3423**

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IRIS ALBSTEIN, NEIL ALBSTEIN-HAMADA
and SAMANTHA ALBSTEIN,

                Plaintiffs,

                v.

DELTA AIR LINES, INC., NORTHWEST
AIRLINES, INC. and KONINKLIJKE
LUCHTVAART MAATSCHAPPIJ N.V. d/b/a
KLM ROYAL DUTCH AIRLINES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

08 CV 3423 (PAC)

**NOTICE OF REMOVAL**

Defendants DELTA AIR LINES, INC. ("DELTA"), NORTHWEST
AIRLINES, INC. ("NORTHWEST") and KLM ROYAL DUTCH AIRLINES (sued herein as
"KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. d/b/a KLM ROYAL DUTCH
AIRLINES" and hereinafter "KLM"), by and through their attorneys, Condon & Forsyth LLP,
hereby remove this civil action bearing Index No. 08102764/08, from the Supreme Court of the
State of New York, County of New York, to the United States District Court for the Southern
District of New York, pursuant to 28 U.S.C. §§ 1441 and 1331.

1.      This action was commenced against DELTA, NORTHWEST and KLM
in the Supreme Court of the State of New York, County of New York, by the filing of a
Summons and Verified Complaint on or about February 21, 2008; copies of the Summons and
Verified Complaint were received by NORTHWEST's agent on or about March 11, 2008, and
by DELTA on March 7, 2008. Upon information and belief, KLM has not yet been served with
a Summons and Complaint. Copies of the Summons and Verified Complaint are annexed
hereto as Exhibit "A." Upon information and belief, no further proceedings have been had in

the action.

2.      The Verified Complaint alleges that plaintiffs seek damages for relating to their seating, delay, and loss or delay of their baggage relating to their flights for "Around the World" tickets for travel in June 2007 purchased from DELTA for travel on KLM. *See* Complaint, ¶ ¶ 65 through 83 inclusive.

3.      Based upon the allegations in the Verified Complaint, this Court has original jurisdiction over this action because of the existence of a federal question pursuant to 28 U.S. C. § 1331 and the action is one that may be removed pursuant to 28 U.S.C. § 1441.

4.      Upon information and belief, the transportation out of which the subject matter of this action arose was "international transportation" within the meaning of a treaty of the United States know as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada on May 18, 1999, reprinted in S. Treaty Doc . 106-45, CCH Av. L. Rep ¶ 27,400-59, 1999 WL 33292734 (1999) ("Montreal Convention"), and the rights of the parties to this action are governed by the provisions of said Montreal Convention. Accordingly, the underlying action may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1331 as the action arises under a treaty of the United States, the Montreal Convention.

5.      Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Southern District of New York, which is the district in which the civil court action is pending.

6.      This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b).

7.      Defendants will file this date a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28

U.S.C. § 1446(d).

        8.    Defendants will this date give written notice of the filing of this Notice

of Removal to adverse parties as required by 28 U.S.C. § 1446(d).

        WHEREFORE, defendants DELTA AIR LINES, INC., NORTHWEST

AIRLINES, INC., and KLM ROYAL DUTCH AIRLINES pray that the above-entitled action

now pending in the Supreme Court of the State of New York, County of New York, be removed

therefrom to this Court.

Dated:  New York, New York
        April 7, 2008

                                            CONDON & FORSYTH LLP

                                            By_____
                                            Stephen J. Fearon (SF 8740)
                                          sfearon@condonlaw.com
                                          Bartholomew J. Banino (BB 4164)
                                          bbanino@condonlaw.com
                         7 Times Square
                         New York, New York 10036
                         (212) 490-9100

                         *Attorneys for Defendants*
                         *DELTA AIR LINES, INC.,*
                         *NORTHWEST AIRLINES, INC. and*
                         *KLM ROYAL DUTCH AIRLINES*

To:     Daniel A. Singer, Esq.
        GOLDBERG WEPRIN & USTIN LLP
        Attorneys for Plaintiffs
        1501 Broadway, 22nd Floor
        New York, New York 10036
        (212) 221-5700

        Clerk of the Supreme Court
        Supreme Court of the State of New York
        County of New York
        Index No. 08102764/08
        60 Centre Street
        New York, New York 10007-1474

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                         ) ss:
COUNTY OF NEW YORK  )

      Samia Flecha, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Weehawken, New Jersey. That on the 7th day of April, 2008 deponent served the within **NOTICE OF REMOVAL** upon:

Daniel A. Singer, Esq.
GOLDBERG WEPRIN & USTIN LLP
Attorneys for Plaintiffs
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Samia Flecha

Sworn to before me this
7th day of April, 2008

_____
Notary Public

TINA M. ZOCCALI
Notary Public, State of New York
No. 01ZO6059025
Qualified in Rockland County
Commission Expires May 21, 20 11

RECEIVED
U.S. DISTRICT COURT
S.D.N.Y.
08 APR -7 PM 7:42

# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
IRIS ALBSTEIN, NEIL ALBSTEIN-HAMADA,
and SAMANTHA ALBSTEIN

                                              Index No.: *102764/08*

                        Plaintiffs,        Date Index No. Purchased: *FEB. 21, 2008*

               -against-             <u>SUMMONS</u>

DELTA AIR LINES, INC., NORTHWEST      Basis of venue:
AIRLINES, INC, and KONINKLIJKE LUCHTVAART  Plaintiffs' place of
MAATSCHAPPIJ N.V. d/b/a KLM d/b/a KLM    residence.
ROYAL DUTCH AIRLINES

                              Defendants.
-------------------------------------------------------------------X

**THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and

to serve a copy of your answer, or if the Complaint is not served with this Summons, to

serve a notice of appearance, on Plaintiffs' attorney within twenty (20) days after the

service of this Summons, exclusive of the day of service of the Summons (or within thirty

(30) days after the service is completed if this Summons is not personally delivered to

you within the State of New York); and in case of your failure to appear or answer,

judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       February 19, 2008

                          GOLDBERG WEPRIN & USTIN LLP

                          By: _____
                              Daniel A. Singer
                            Attorneys for Plaintiffs
                            1501 Broadway, 22nd Floor
                            New York, New York 10036
                            Tel. (212) 221-5700

(recipients' addresses on subsequent page)

To:    Delta Air Lines, Inc.
1030 Delta Blvd., Dept. 852
Atlanta, Georgia 30354

Koninklijke Luchtvaart Maastschappij N.V. d/b/a KLM d/b/a KLM Royal Dutch Airlines
Amsterdamseweg 55
1182 GP Amstelveen
The Netherlands

Northwest Airlines, Inc.
2700 Lone Oak Parkway
Eagan, Minnesota 5512

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X

IRIS ALBSTEIN, NEIL ALBSTEIN-HAMADA,
and SAMANTHA ALBSTEIN

Index No.: *102764/08*

Plaintiffs,

-against-

**VERIFIED COMPLAINT**

DELTA AIR LINES, INC., NORTHWEST
AIRLINES, INC, and KONINKLIJKE LUCHTVAART
MAATSCHAPPIJ N.V. d/b/a KLM d/b/a KLM
ROYAL DUTCH AIRLINES

Defendants.
--------------------------------------------------------------X

Plaintiffs Iris Albstein, Neil Albstein-Hamada, and Samantha Albstein

("Plaintiffs") by its attorneys, Goldberg Weprin & Ustin LLP, as and for its Complaint

against defendants Delta Air Lines, Inc., Northwest Airlines, Inc., Koninklijke Luchtvaart

Maastschappij N.V. d/b/a KLM d/b/a KLM Royal Dutch Airlines (collectively the

"Defendants"), allege as follows:

## THE PARTIES

1.     Plaintiff Iris Albstein ("Iris Albstein") is an individual having an address

of 38 East 85th Street, Apartment 3D, New York, New York 10028.

2.     Plaintiff Neil Albstein-Hamada ("Neil Albstein") is an individual having

an address of 38 East 85th Street, Apartment 3D, New York, New York 10028.

3.     Plaintiff Samantha Albstein is an individual having an address of

38 East 85th Street, Apartment 3D, New York, New York 10028.

4.     Upon information and belief, defendant Delta Air Lines, Inc. ("Delta") is a

Delaware Corporation having a principal address of 1030 Delta Blvd., Dept. 852, Atlanta, Georgia 30354.

5.    Upon information and belief, defendant Koninklijke Luchtvaart Maatschappij N.V. d/b/a KLM d/b/a KLM Royal Dutch Airlines ("KLM") is a foreign corporation having a principal address of Amsterdamseweg 55, 1182 GP Amstelveen, the Netherlands.

6.    Upon information and belief, defendant Northwest Airlines, Inc. ("Northwest") is Minnesota corporation having a principal address of 2700 Lone Oak Parkway, Eagan, Minnesota 55121 and is an agent for KLM.

## THE FACTUAL BACKGROUND

7.    In or about May 8, 2007, Iris Albstein, her then nineteen (19) year old son Neil Albstein-Hamada, and her then ten year old daughter, Samantha Albstein (collectively "Plaintiffs") purchased from Delta three (3) Around the World tickets for Business Class around the world travel using Delta Skymiles.

8.    The second leg of the Albstein Family's journey was to begin on June 16, 2007 at 5:45 p.m. on KLM Flight 642 ("Flight 642") from New York City (JFK International Airport, hereinafter "JFK") to Amsterdam and continue on June 17, 2007 from Amsterdam to Cape Town, South Africa on KLM Flight 597 ("Flight 597").

9.    The flights were booked by Delta through its Skymiles Partner KLM on or about June 4, 2007.

10.    On or about June 15, 2007, Iris Albstein spoke with "Sharon" at

2

Delta who confirmed that Plaintiffs would be traveling in Business Class on Flight 597 from Amsterdam to Cape Town.

11.     Sharon also informed Iris Albstein that she would have to go to an airport prior to Plaintiffs' flight in order to be "re-ticketed".

12.     Plaintiff Iris Albstein arrived at LaGuardia International Airport on June 16, 2007 at approximately 10:00 a.m. and proceeded to the Delta counter, where she met with a Delta agent who identified herself as "Angie".

13.     Upon information and belief, Angie's full name is Angelenjika.

14.     Plaintiff Iris Albstein explained to Angie that she had a telephone conversation with Delta the evening before at which time Delta had informed plaintiff Iris Albstein that Plaintiffs would be traveling Business Class from Amsterdam to Cape Town and that new tickets which specified this change to Business Class needed to be issued.

15.     As Angie appeared confused by Iris Albstein's request, Ms. Albstein called the Customer Service Department for Sky Miles Customers and had them speak with Angie.

16.     After speaking with Angie, the agent at the Customer Service Department assured Plaintiff that Angie was capable of re-issuing the tickets.

17.     Following this conversation, Angie provided plaintiff Iris Albstein with "e-tickets" with the change to Business Class. Plaintiff Iris Albstein expressed her concern with the tickets being "e-tickets" instead of paper tickets, but was assured by Angie that the "e-tickets" would be viable.

18.     It took Angie approximately one hour and three quarter (1.75) hours to

3

reissue Plaintiffs' tickets.

19.     In the afternoon of June 16, 2007, Plaintiffs proceeded to the KLM counter located in Terminal 4 at JFK.

20.     Upon information and belief, KLM was handling all booking and check-in procedures for Flight 642.

21.     Plaintiffs arrived at the KLM counter at approximately 3:45 P.M. on June 16, 2007, two (2) hours before Flight 642 was scheduled to depart.

22.     Plaintiffs waited at the KLM counter for approximately 15 to 20 minutes before meeting with an agent.

23.     When they finally met with an agent, they were informed that only Neil Albstein had a confirmed seat on Flight 642 and Flight 597. Both these tickets were for travel in Coach, not Business Class, contrary to Delta's prior assurances .

24.     Iris Albstein advised the KLM agent that this was unacceptable as Plaintiffs were traveling to Cape Town as a family.

25.     Plaintiffs were then directed to another KLM agent who informed them that Delta had not properly entered Iris Albstein and Samantha Albstein's ticket information into the computer system.

26.     Plaintiffs were then advised to return to the Delta counter, located in a Terminal 3 at the other end of JFK, in order to have their tickets re-issued again.

27.     The agent also informed Plaintiffs that Flight 642 was full and that the plane would be closed before they would return from the Delta terminal.

28.     Upon information and belief, while driving Plaintiffs to the Delta terminal,

4

Andrew Albstein, the brother of plaintiff Iris Albstein, called Delta's main reservation number.

29.     Upon information and belief, Delta's agent advised Andrew Albstein that he had found reservations for all three Plaintiffs to fly on Flight 642 and Flight 597, with Business Class on Flight 597 from Amsterdam to Cape Town.

30.     Upon information and belief, the Delta agent also informed Andrew Albstein that the KLM agent at JFK would have seen the reservations for all three Plaintiffs if he had looked further down the computer monitor.

31.     Upon information and belief, the Delta agent also informed Andrew Albstein that the flight was already closed and that he was unable to have the flight re-opened for Plaintiffs.

32.     Upon information and belief, when Andrew Albstein advised the Delta agent that there was more than an hour before the scheduled departure of the flight, the Delta agent became very irritated and advised Andrew Albstein that he could be of no further assistance and that Plaintiffs would have to return to the Delta counter in JFK Terminal 3.

33.     Upon their arrival at Terminal 3, Plaintiffs proceeded to the Delta counter. After waiting on line at the Delta counter for more than twenty minutes, Plaintiffs finally met with Delta agent Mr. Gaveglia.

34.     Mr. Gaveglia conducted himself in an arrogant and unprofessional manner vis-à-vis Plaintiffs.

35.     Mr. Gaveglia advised Plaintiffs that the tickets did appear in Delta's

computer system but refused to allow Plaintiffs to board the plane due to what Mr. Gaveglia explained was an error on the part of KLM.

36.     While another Delta agent, Yvonne Green, attempted to re-issue proper tickets to Plaintiffs, Mr Ganveglia (who, upon information and belief, was Ms. Green's supervisor), refused to allow her do so.

37.     Instead, Mr. Ganveglia insisted that Plaintiffs purchase tickets to Cape Town on British Airways, at an estimated personal cost to Plaintiffs of approximately $9,000.00.  Thereafter, Plaintiffs left the Delta counter and proceeded to British Airways counter, located at the other end of the airport in Terminal 7.

38.     Flabbergasted that Plaintiffs would have to go out-of-pocket solely because of Defendants' mishaps, while on the way to the British Airways counter Iris Albstein made several telephone calls to various departments at Delta including, without limitation, the Delta World Perks Department and the Delta Around the World by Miles Department in order to try to rectify Defendants' errors.

39.     At the Delta Around the World by Miles Department, Iris Albstein spoke with an agent who identified himself as Sam.

40.     Sam confirmed that there was "something odd" with the tickets which had been issued by Delta agent Angie and acknowledged that Plaintiffs bore no responsibility for this problem.

41.     After a lengthy telephone conversation, Sam finally agreed that Delta would pay for Plaintiffs' tickets to Cape Town.

42.     Delta insisted, however, that it would only purchase Coach seats for

6

Plaintiffs even though Plaintiffs were entitled to Business Class seats pursuant to their Around the World tickets and even though Plaintiffs had already been booked to fly in Business Class from Amsterdam to Cape Town.

43.     Sam insisted that Plaintiffs return to the Delta counter in JFK Terminal 3 for the tickets to be reissued, yet again.

44.     When Plaintiffs returned to the Delta counter, they again met with Delta agent Mr. Gaveglia.

45.     Mr. Gaveglia continued to conduct himself in an unprofessional and discourteous manner.

46.     Mr. Gaveglia advised Plaintiffs that Delta agent Sam had failed to enter the necessary information into the computer to allow him to change the tickets and refused to issue them.

47.     With only approximately two (2) hours to spare before the British Airways Flight 114 (BA Flight 114), Plaintiffs became increasingly concerned that they would miss the flight and thereby miss a very expensive pre-scheduled train journey on South Africa's Rovos Rail which was scheduled to commence on the morning of June 18, 2007 (the "Rovos Rail Journey").

48.     Understanding Plaintiffs' desperation, Delta agent Yvonne Greene proceeded to assist Plaintiffs, confirmed with Delta that Plaintiffs could be reissued tickets for BA Flight 114, and re-issued the tickets to Plaintiff despite Mr. Gaveglia's erroneous instructions.

49.     Upon information and belief, after Plaintiffs departed on BA Flight 114,

7

defendant Andrew Albstein telephoned Delta's Around the World by Miles Department and learned that it was possible for Plaintiffs to transfer in London for a flight from London to Frankfurt and then travel First Class from Frankfurt to Cape Town on South African Airways.

50.    Moreover, the South African Airways flight was scheduled to arrive in Cape Town four (4) hours earlier than the British Airways Flight, which would have provided Plaintiffs with the opportunity to more adequately prepare for their Rovos Rail Journey.

51.    Upon information and belief, Mr. Albstein requested that Plaintiffs' tickets be changed so that they could fly on the South African Airways flight.

52.    Upon information and belief, after more than an hour on the telephone with Delta's Around the World by Miles Department, Andrew Albstein was advised by Norah Priscell of Delta that Plaintiffs had "entered into an agreement" with Delta to fly from JFK to London and then London to Cape Town on British Airways and that, therefore, no changes could be made.

53.    Plaintiffs had entered into to no such agreement.

54.    Upon information and belief, Andrew Albstein, who had been with Plaintiffs throughout Defendants' multiple mishaps on June 17, 2007, advised Ms. Priscell that no such agreement had been made.

55.    Still, Ms. Priscell refused to change Plaintiffs' tickets.

56.    Upon information and belief, Ms. Priscell advised Mr. Albstein that this was her "final word on the subject."

57.    As a result of having traveled on the British Airways flight, Plaintiffs

8

arrived in Cape Town exhausted and only one and a half (1.5) hours before their Rovos Rail Journey was to commence.

58.    Moreover, British Airways lost all of Plaintiffs' luggage which resulted in Plaintiffs having to proceed on their ultra-luxurious and costly Rovos Rail Journey without the appropriate attire and without any change of clothing

59.    Solely as a result of Defendants' gross negligence and misconduct, Plaintiffs were required to travel to South Africa in Coach even though they were entitled to Business Class seats and even though they had been booked to fly in Business Class from Amsterdam to Cape Town.

60.    Solely as a result of Defendants' gross negligence and misconduct, Plaintiffs failed to arrive in Cape Town until June 18, 2007, resulting in a loss of a vacation day.

61.    Solely as a result of the Defendants' gross negligence and misconduct, Plaintiffs were forced to endure an overwhelming amount of emotional distress.

62.    Plaintiffs have been materially damaged as a result of Defendants' gross negligence and misconduct.

63.    Defendants have refused to compensate Plaintiffs for the damage they have incurred despite due demand thereof.

## AS AND FOR A FIRST CAUSE OF ACTION

64.    Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "63""as though set forth at length herein.

65.    Plaintiffs had purchased three Northwest World Perks Business Class tickets for travel around the world using their Delta SkyMiles.

9

66.     As part of these Around the World tickets, Plaintiffs made reservations to fly on KLM Flight 642 from JFK to Amsterdam and from Amsterdam to Cape Town on Flight 597 with seats in Business Class from Amsterdam to Cape Town.

67.     Solely as a result of Defendants' gross negligence and misconduct, Plaintiffs were forced to travel in Coach from JFK to South Africa and wait at Heathrow International Airport for a layover surpassing six (6) hours in duration.

68.     As a consequence thereof, Plaintiffs have been damaged in an amount to be determined at trial but no less than $15,000.00 each.

## AS AND FOR A SECOND CAUSE OF ACTION

69.     Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "68""as though set forth at length herein.

70.     Plaintiffs had been booked to fly on KLM Flight 597 which was scheduled to arrive in Cape Town on June 17, 2007.

71.     As a result of a pre-arranged travel schedule, Plaintiffs were to spend only one (1) night in Cape Town.

72.     Solely as a result of Defendants' gross negligence and misconduct, Plaintiffs were forced to take BA Flight 114 which did not arrive in Cape Town until June 18, 2007, one and a half (1.5) hours before their pre-arranged Rovos Rail Journey was scheduled to commence.

74.     As a consequence thereof, Plaintiffs' not only lost a vacation day but also lost any opportunity to visit Cape Town.

75.     As a consequence thereof, Plaintiffs have been damaged in an amount to be determined at trial, but no less than $15,000.00    .

10

## AS AND FOR A THIRD CAUSE OF ACTION

76. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "75""as though set forth at length herein.

77. Solely as a result of Defendants' gross negligence and misconduct, Plaintiffs and five (5) additional members of their family were required to endure a more than seven (7) hour ordeal which included, among other things, travel to La Guardia in the morning of June 16th, travel back and forth between Defendants' counters located in the various terminals at JFK, and multiple telephone call to Defendants' various departments.

78. Moreover, solely as a result of Defendants' misconduct, Plaintiffs were forced to travel to Cape Town on British Airways which resulted in their arriving in Cape Town one and a half (1.5) hours before the start of their Rovos Rail Journey, a journey which they were forced to commence both exhausted and dishevelled.

79. As a direct and foreseeable consequence of Defendants' gross negligence and misconduct in booking Plaintiffs on the British Airways Flight, there was inadequate time to replace certain items contained Plaintiffs' lost baggage.

80. Among other things, this lost Baggage contained clothing appropriate for the ultra-luxurious Rovos Rail Journey.

81. As a consequence thereof, Plaintiffs were forced to endure the humiliation of wearing casual clothing which was completely inappropriate for the trip.

82. Plaintiffs were unable to enjoy the Rovos Rail Journey as result of this humiliation.

83. Solely as a result of Defendants' gross negligence and misconduct,

11

Plaintiffs were forced to endure the aforementioned emotional distress.

84.    As a consequence thereof, Plaintiffs have been damaged in an amount to be determined at trial, but no less than $30,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

85.    Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "84" as though set forth at length herein.

86.    Solely as result of Defendants' gross negligence and misconduct, Plaintiffs' incurred certain out-of-pocket expenses on June 16, 2007 including, without limitation, gas and cellular telephone charges.

87.    As a consequence thereof, Plaintiffs have been damaged in an amount to be determined at trial, but no less than $300.00.

**WHEREFORE,** plaintiffs Iris Albstein, Neil Albstein-Hamada and Samantha Albstein respectfully demand judgment against defendants Delta Air Lines, Inc., Northwest Airlines, Inc., and Koninklijke Luchtvaart Maastschappij N.V. d/b/a KLM d/b/a KLM Royal Dutch Airlines, as follows:

    a.      On the First Cause of Action: Judgment in an amount to be determined at trial but no less than $15,000.00.

    b.      On the Second Cause of Action: Judgment in an amount to be determined at trial but no less than $15,000.00;

    c.      On the Third Cause of Action: Judgment in an amount to be determined at trial but no less than $30,000.00; and

    d.      On the Fourth Cause of Action: Judgment in an amount to be determined at trial but no less than $300.00.

    e.      Judgment awarding to Plaintiffs the costs and expenses of this action; and

    f.      Judgment awarding to Plaintiffs such further and different relief as the Court may deem just and appropriate in these circumstances.

Dated: New York, New York
       February  14 , 2008

                                        GOLDBERG WEBRIN & USTIN LLP
                                        By: _____
                                             Daniel A. Singer
                                        Attorneys for Plaintiff
                                        1501 Broadway, 22nd Floor
                                        New York, New York 10036
                                        Tel. (212) 221-5700

## VERIFICATION

STATE OF NEW YORK    :)
                             :) SS
COUNTY OF NEW YORK   :)

         IRIS ALBSTEIN, deposes and says:

       1.      Deponent is a plaintiff in this action.

       2.      Deponent has read the foregoing Complaint, knows the contents thereof, and the same is true to Deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters Deponent believes them to be true.

       3.      The grounds of Deponent's belief as to all matters not stated to be upon Deponent's knowledge are investigative and based on other information contained in his files.

                                IRIS ALBSTEIN

Sworn to me this \_\_\_\_\_ day of February, 2008

_____
NOTARY PUBLIC

                 DANIEL A. SINGER
         Notary Public, State of New York
               No. 026116795
          Qualified in New York County
       Commission Expires October 12, 20__